# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **Adoption of E.U., L.U.-1, and L.U.-2**

**No. 21-0165** (Putnam County CC-40-2020-A-61)

## MEMORANDUM DECISION

Self-represented petitioners C.U. and S.U.[1] appeal the Circuit Court of Putnam County's February 5, 2021, order denying, among other things, their petition for petitioner C.U. to adopt E.U., L.U.-1, and L.U.-2. Respondent C.J., the children's mother, made no appearance before the Court. On appeal, petitioners allege that the circuit court "violated the Supremacy Clause and Due Process."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

We have previously issued detailed memorandum decisions concerning petitioner S.U.'s attempts to divest his children's mother of her custody of their children and even her status as the children's mother. *See S.U. v. C.J.* ("*S.U. I*"), No. 18-0566, 2019 WL 5692550 (W. Va. Nov. 4, 2019)(memorandum decision); *S.U. v. C.J.* ("*S.U. II*"), No. 19-1181, 2021 WL 365824 (W. Va. Feb. 2, 2021)(memorandum decision); *In re Adoption of E.U., L.U.-1, and L.U.-2* ("*Adoption I*"), No. 20-0039, 2021 WL 4935772 (W. Va. Oct. 13, 2021)(memorandum decision); *In re The Children of: S.U. v. C.J.*, No. 20-0515, 20-0516, 20-0612, and 20-0710, 2021 WL 4936476 (W. Va. Oct. 13, 2021)(memorandum decision). Because, as more fully addressed below, petitioners' appeal in this matter is inappropriate, it is unnecessary to again set forth the facts of these various matters. Instead, it is sufficient to stress two important rulings from these prior appeals. The first

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, they will be referred to as L.U.-1 and L.U.-2 throughout this memorandum decision.

is that there was never a valid, enforceable gestational surrogacy agreement between petitioner S.U. and respondent. *S.U. I*, No. 18-0566, 2019 WL 5692550, at *4 (finding that "all of [petitioner's assignments of error] . . . [w]ere grounded on his contention that [respondent] was nothing more than a gestational surrogate for the parties' three youngest children" and declining to disturb the family court's resolution of this issue in respondent's favor). The second is that respondent "is the legal mother of all four children."[2] *Id.* As has become clear through his repeated attacks on respondent's continued exercise of a maternal relationship with, and custody over, the children, petitioner S.U. refuses to accept the validity and finality of these determinations.

Tellingly, petitioners begin their statement of facts, after a brief preamble in which they yet again attempt to characterize respondent as nothing more than a gestational surrogate, with the filing of their "Emergency Joint Petition to Terminate Presumed Parental Rights of Gestational Surrogate for Purposes of Adoption and Petition for Adoption" on December 18, 2020, in the Circuit Court of Putnam County. What they fail to include, in addition to the many other lawsuits petitioner S.U. filed against respondent in several different jurisdictions, is that they also filed petitions for petitioner C.U. to adopt the same three children in May of 2019 in the Circuit Court of Mason County. *Adoption I*, No. 20-0039, 2021 WL 4935772, at *2. Those petitions were denied in November of 2019. *Id.* Petitioners later attempted to vacate the order denying the petitions for adoption in the Mason County matter, but their motion was denied by order entered in January of 2020. *Id.* at *3.

As is clear from our review of the multiple filings, petitioners' attempt to permit C.U. to adopt the children was denied in Mason County, at which point they filed the petition for adoption in Putnam County that gives rise to the current appeal. Ultimately, the court denied petitioners' petition for adoption and their related motions and granted respondent's motion to dismiss and for sanctions, among other motions. As one ground for dismissal, the court found that petitioners "brought this action on matters that have clearly been decided, at the expense of the [c]ourt, [g]uardian ad [l]item, and of [r]espondent's counsel." As such, the court ordered petitioners to pay the guardian $2,000 for work performed and to pay respondent's attorney's fees, among other rulings. The court then ordered the matter dismissed, with prejudice, and stricken. It is from this order that petitioners appeal.

We have previously set forth the following:

> "When this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard." Syl., *McCormick v. Allstate Ins. Co.*, 197 W.Va. 415, 475 S.E.2d 507 (1996).

Syl. Pt. 1, *In re S.W.*, 236 W. Va. 309, 779 S.E.2d 577 (2015).

---

[2]Petitioner S.U. and respondent have a fourth child who is not at issue in the current matter.

This Court refuses to allow petitioners the opportunity to relitigate issues that have been decided by this Court. As the circuit court found in the order on appeal, petitioners' current petition for adoption was disingenuous and legally barred by the fact that it had previously been fully litigated in another circuit court. As such, we will not address any of petitioners' specific arguments on appeal.

We have established as follows:

> "Before the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action." Syllabus Point 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W.Va. 469, 498 S.E.2d 41 (1997).

Syl. Pt. 2, *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W. Va. 549, 803 S.E.2d 519 (2017). It is abundantly clear that all of these elements are met with regard to petitioners' current appeal. By the time the current matter was dismissed, there had been a final adjudication on the merits in *Adoption I* for over one year, and it cannot be argued that the court in that matter did not have jurisdiction over the proceedings. Second, the parties in the two matters are identical. Third, the causes of action in both proceedings are identical, in that they both concerned petitioner C.U.'s attempts to adopt the same three children. As such, res judicata clearly barred petitioners from relitigating these same issues in the matter on appeal. Because this fully resolves this appeal, we decline to address any of petitioners' arguments before this Court. This is especially true of any arguments that petitioners predicate upon their erroneous assertion that respondent is a gestational surrogate. As set forth above, this issue has been rejected multiple times, and this Court simply refuses to entertain it further.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 5, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: February 1, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton